**CALLAHAN & FUSCO, LLC**
Charles J. Reiter (CJR-2915)
Attorneys for Defendants
FEDEX GROUND SYSTEM, INC., i/s/h/a
FED EX GROUND, INC., and ELVIS P. SANCHEZ
72 Eagle Rock Avenue, Suite 320
East Hanover, New Jersey 07936
(973) 618-9770

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSENIA APONTE, | **ECF CASE** |
| Plaintiff, | Docket No.:<br>**11-CV-05347 (GBD)(KNF)** |
| v. | **ANSWER** |
| FED EX GROUND, INC., and<br>ELVIS P. SANCHEZ, | **Defendants Demand**<br>**Trial by Jury** |
| Defendants. | |

Defendants, FEDEX GROUND PACKAGE SYSTEM, INC., incorrectly sued herein as FED EX GROUND, INC., and ELVIS P. SANCHEZ, by and through their attorneys, Callahan & Fusco, LLC, as and for their Answer to plaintiff's Verified Complaint, respectfully state and allege:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Verified Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Verified Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Verified Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Verified Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Verified Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Verified Complaint.

7. Defendants deny the allegations contained in paragraph "7" of the Verified Complaint.

8. Defendants deny the allegations contained in paragraph "8" of the Verified Complaint.

9. Defendants deny the allegations contained in paragraph "9" of the Verified Complaint.

10. Defendants deny the allegations contained in paragraph "10" of the Verified Complaint, and refer all questions and interpretations of law to the Court.

11. Defendants deny the allegations contained in paragraph "11" of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION AS TO VICARIOUS LIABILITY

12. Answering Defendants repeat and reallege their above responses to the allegations of the Verified Complaint designated "1" through "11" as if stated more particularly at length herein and made a part hereof, in response to paragraph designated "12" of the Verified Complaint.

13. Defendants deny the allegations contained in paragraph "13" of the Verified Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "14" of the Verified Complaint, and refer all questions and interpretations of law to the Court.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Verified Complaint.

16. Defendants deny the allegations contained in paragraph "16" of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION AS TO NEGLIGENT HIRING, TRAINING, AND RETENTION

17. Answering Defendants repeat and reallege their above responses to the allegations of the Verified Complaint designated "1" through "16" as if stated more particularly at length herein and made a part hereof, in response to paragraph designated "17" of the Verified Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Verified Complaint, and refer all questions and interpretations of law to the Court.

19. Defendants deny the allegations contained in paragraph "19" of the Verified Complaint.

20. Defendants deny the allegations contained in paragraph "20" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to set forth a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This action is barred by the appropriate Statute of Limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Verified Complaint, all of which is expressly denied, then such damages were caused, either in whole or in part, by plaintiff's own culpable conduct, fault and/or negligence, and any recovery herein shall be diminished accordingly in whole or in part.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Verified Complaint, all of which is expressly denied, then such damages were caused by plaintiff's assumption of risk and are not recoverable from defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Verified Complaint, all of which is expressly denied, then such damages were caused by the culpable conduct, fault and/or negligence of other persons and/or entities over which defendants had no control, with no act or omission on the part of defendants contributing thereto.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all persons and/or entities necessary for the just adjudication of this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The defendants are not proper parties to this action, and thus, the Verified Complaint should be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages alleged to have been suffered by plaintiff were caused in whole or in part by the conduct of persons or entities other than defendants. Therefore, plaintiff's

claims are barred or diminished in the proportion that such culpable conduct of other persons or entities bear to the total culpable conduct causing damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has received reimbursement for all or a part of the damages claimed, plaintiff should be estopped from asserting the same herein.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent that all or a part of plaintiff's damages have been paid or will be paid by collateral sources, no award should be made for the same.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

This action is subject to the provisions of Article 16 of the CPLR.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

If a dangerous or defective condition existed, which is expressly denied, defendants had no notice of its presence.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Verified Complaint, all of which is expressly denied, then defendants assert that plaintiff's injuries were pre-existing and not causally related to the subject motor vehicle accident, as alleged in the Verified Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Verified Complaint and, as such, her recovery, if any, should be barred or limited accordingly.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff, by her own conduct or failure to act, was the sole and proximate cause of the allegations complained of in the Verified Complaint.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff failed to use, or misused, a seat belt, thereby contributing to the alleged injuries and under the applicable law plaintiff may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has exaggerated and/or misrepresented the true nature and scope of her alleged injuries.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

The accident described in the Verified Complaint did not result in a "serious injury" to the plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York. By reason of Section 5104 of the Insurance Law of the State of New York, plaintiff had and has no right to institute, maintain or prosecute this action and is barred from doing so.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Defendants rely upon any and all further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserve the right to amend their Answer for the purposes of asserting any additional affirmative defenses.

**WHEREFORE,** it is respectfully requested that the Verified Complaint and any and all claims asserted against defendants, FEDEX GROUND PACKAGE SYSTEM, INC., incorrectly sued herein as FED EX GROUND, INC., and ELVIS P. SANCHEZ, be dismissed with costs, interest, disbursements and attorney's fees incurred herein, and with such other and further relief as this Court deems just and proper.

Dated: East Hanover, New Jersey
August 4, 2011

Respectfully submitted,
CALLAHAN & FUSCO, LLC

By: _____
CHARLES J. REITER (CJR-2915)
Attorneys for Defendants
FEDEX GROUND PACKAGE SYSTEM, INC., i/s/h/a FED EX GROUND, INC., and ELVIS P. SANCHEZ
72 Eagle Rock Avenue, Suite 320
East Hanover, New Jersey 07936
(973) 618-9770

TO:

Michael T. Ridge, Esq.
LAW OFFICES OF MICHAEL T. RIDGE
Attorney for Plaintiff
910 Grand Concourse, Suite 1D
Bronx, NY 10451
(718) 590-5400